IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

XAVIER LISTER                  §
(No. 44947-177),               §
                               §
        Plaintiff,             §
                               §
V.                             §          No. 3:14-cv-715-D-BN
                               §
IAN PURDUE, ET AL.,            §
                               §
        Defendants.            §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Xavier Lister, proceeding *pro se*, brings this civil rights action against sixteen defendants alleging that his arrest, detention, and conviction for the unlawful possession of a firearm was unconstitutional and the result of a conspiracy of wrongdoing by numerous individuals; that he received ineffective assistance of counsel; and that he was injured as a result of negligence and denied medical treatment while detained at the Dallas County Jail. By this lawsuit, he seeks compensatory damages in the amount of $10,000,000 and punitive damages in the amount of $15,000,000.

The undersigned now concludes that Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

-1-

**Legal Standards**

The Court may summarily dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if it concludes that the action:

    (i)        is frivolous or malicious;

    (ii)       fails to state a claim on which relief may be granted; or

    (iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Claims Against Officers Ricketts, Purdue, Pinto, Houston, and Sanchez

Plaintiff first alleges a number of constitutional violations by Mesquite Police Department Officers Ian Purdue, Brandon Ricketts, Evy Jenette Pinto, and R. Houston in connection with his March 12, 2012 arrest and subsequent state indictment for unlawful possession of a firearm. *See* Dkt. No. 1 at 5 & 8-9; Dkt. No. 9 at 31-34. Plaintiff also claims that Dallas Sheriff's Department Deputy D. Sanchez participated in the filing of the false state indictment. *See* Dkt. No. 1 at 9; Dkt. No. 9 at 38. As a result of this arrest and the adoption of the case by federal prosecutors, Plaintiff was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced to 180 months of imprisonment. *See United States v. Lister*, No. 3:12-cr-215-K (N.D. Tex. May 15, 2013), *aff'd*, ___ F. App'x ___, 2014 WL 3748274 (5th Cir. July 31, 2014). All such civil rights claims are therefore barred.

In *Heck v. Humphrey,* the United States Supreme Court held that a prisoner cannot bring a 42 U.S.C. § 1983 action directly challenging his confinement unless and

until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Here, Plaintiff admits that he has been convicted of a federal offense as the result of his December 12, 2012 arrest and that his conviction has not been reversed on appeal, expunged by executive order, or otherwise declared invalid. *See* Dkt. No. 9 at 7-9. Because no cause of action has accrued under the Civil Rights Act, Plaintiff's complaint should be dismissed as frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous). And, where a Section 1983 plaintiff's claims attack the fact or duration of his confinement and those claims are dismissed under *Heck v. Humphrey*, the dismissal should be with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

Claims Against Prosecutors Jones Rocky and S. McCarthy

Similarly, Plaintiff's allegations against the two state prosecutors named in his complaint should be summarily dismissed. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976). Plaintiff's sole allegations against these defendants are that they violated his rights in connection with presenting charges before a grand jury and obtaining criminal indictments against him. *See* Dkt. No. 1 at 8-9; Dkt. No. 9 at 35-36. The United States Court of Appeals for the Fifth Circuit has held that "[t]he decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial

function." *McGruder v. Necaise,* 733 F.2d 1146, 1148 (5th Cir. 1984). Accordingly, both prosecutors are protected by absolute immunity.

Claims Against Bernard Massar

In addition, Plaintiff cannot sue his defense attorney for civil rights violations. Plaintiff alleges that this defendant conspired to procure his indictment and provided ineffective assistance of counsel in connection with the state proceedings against him. *See* Dkt. No. 1 at 8-9; Dkt. No. 9 at 9. Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). And, to the extent that Plaintiff may be trying to allege that his attorneys conspired with certain state actors to deprive Plaintiff of his constitutional rights, his conclusory allegations are insufficient to withstand dismissal for failure to state a claim. *See Mills,* 837 F.2d at 679.

Claims Against Judge Gracie Lewis, Chief Clerk Sumetra Rayson, and Court Coordinator LaMonica Littles

Plaintiff asserts claims against Dallas Criminal District Court Judge Gracie Lewis and two court employees in connection with his indictment and the denial of bail. *See* Dkt. No. 1 at 11; Dkt. No. 9 at 44-46.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction. *See Stump v. Sparkman,* 435 U.S. 349, 356 (1978); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted).

Similarly, court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir. 1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. The Fifth Circuit has extended this doctrine to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.,* 170 F. App'x 943 (5th Cir. 2006).

Plaintiff's only allegations against Judge Lewis and the two court employees arise in connection with court proceedings and the management of a criminal docket. *See* Dkt. No. 9 at 44-46. Managing a court's docket is an act normally performed by a judge that is within the scope of her jurisdiction and authority. *See Jackson v. Tapscott*, No. 3:07-cv-1546-G, 2007 WL 4165711, at *2 (N.D. Tex. Nov. 26, 2007). Because Plaintiff does not complain of any actions taken by Judge Lewis or her deputies that

were "nonjudicial in nature," Plaintiff's claims against should be dismissed with prejudice as frivolous. *Boyd*, 31 F.3d at 285.

## Claims Against Commissioner Elba Garcia, County Administrator Darryl Martin, and Sheriff Lupe Valdez

Plaintiff seeks to hold liable three Dallas County officials for injuries he suffered when a concrete privacy wall collapsed at the Dallas County Jail. *See* Dkt. No. 1 at 10; Dkt. No. 9 at 39-41. As supervisory officials, Garcia, Martin, and Valdez cannot be sued for civil rights violations unless they (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by these officials and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 1 at 10; Dkt. No. 9 at 39-41. Instead, Plaintiff seeks to hold these officials liable for the alleged negligence of others in the construction and maintenance of county property. *See id.* But Plaintiff does not allege that Garcia, Martin, or Valdez had a personal role in the constitutional violations that are alleged. *See id.* They cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

Moreover, a plaintiff may not recover under 42 U.S.C. § 1983 for mere negligence. *See Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996) (holding that there is no liability for mere negligence in a § 1983 suit). Accordingly, Plaintiff's claims against Garcia, Martin, and Valdez should be summarily dismissed.

<u>Claims Against Officer Allen</u>

Plaintiff alleges that Officer Allen tried to force him to sign a blank incident report that would have resulted in disciplinary charges and acted in a threatening and abusive manner. *See* Dkt. No. 1 at 10; Dkt. No. 9 at 28, 30, & 42.

Verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation. *See Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002); *Robertson v. Plano City of Texas,* 70 F.3d 21, 24 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006) (internal quotation marks and citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted).

Here, Plaintiff simply alleges that threats were made by Officer Allen. He does not identify any use of excessive force or acts of retaliation or assert that he engaged in the exercise of any constitutional right. *See* Dkt. No. 9 at 28, 30, & 42.

Claims Alleging Deliberate Indifference

Finally, Plaintiff contends that Officer Allen denied him medical attention for hypertension, *see* Dkt. No. 9 at 21-23 & 42, and that Dr. Kiran Khurana denied him an MRI for his left leg injuries, telling him that "did not need an MRI because it was just a sprain," *id.* at 21 & 43.

These claims are governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. To establish a constitutional violation, Plaintiff must establish "deliberate indifference" to his "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). This, in turn, requires proof that the prison staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Rather, a plaintiff must show that the prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, Plaintiff admits that he was provided medical attention for both his hypertension and the injuries that he sustained when he was injured by a privacy wall at the Dallas County Jail. *See* Dkt. No. 9 at 17-23. At most, he alleges that Officer Allen caused a delay in checking his vital signs – which led to no physical harm – and that Dr. Khurana did not believe that he required an MRI for his leg injury. *See id.* Neither of these allegations state a claim for deliberate indifference.

## Recommendation

Plaintiff's claims should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE