IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XAVIER LISTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-0715-D |
| VS. | § | |
| | § | |
| IAN PURDUE, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

I

After making an independent review of the pleadings, files, and records in this case, the August 27, 2014 findings, conclusions, and recommendation of the magistrate judge, and plaintiff Xavier Lister's ("Lister's") October 8, 2014 objections to the magistrate judge's findings, conclusions, and recommendation, the court concludes that the findings and conclusions are correct in part. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted in part. The court dismisses Lister's actions against several defendants by Fed. R. Civ. P. 54(b) judgment filed today, and it grants Lister's request for leave to amend to the extent the defects in his complaint are not incurable.

II

Although the court adopts in part the magistrate judge's findings, conclusions, and recommendation, it concludes, in light of Lister's objections, that it should elaborate on two

matters. The first is the magistrate judge's application of *Heck v. Humphrey*, 512 U.S. 477 (1997), to Lister's claims against Mesquite Police Department Officers Ian Purdue ("Officer Purdue"), Brandon Ricketts ("Officer Ricketts"), Evy Jenette Pinto ("Officer Pinto"), and R. Houston ("Officer Houston"), and Sheriff's Department Deputy D. Sanchez ("Deputy Sanchez").

In *Heck* the Supreme Court held that, to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Lister objects to the magistrate judge's conclusion that his claims against these officers and deputy are barred under *Heck* because, taking his claims as true, they would render his conviction invalid.

The critical inquiry in determining whether *Heck* precludes a prisoner from maintaining a civil rights action is whether a judgment in his favor in the civil rights case would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. Lister seeks damages from these defendants on the grounds that they violated his Fourth Amendment rights in perpetrating an unlawful traffic stop, unlawful search, unlawful seizure, and unlawful arrest. As a result of these events, and of a later federal prosecution, Lister was convicted of the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 992(g), for which he is currently serving a prison sentence. Lister's Fourth Amendment

challenges to the events leading to his prosecution and conviction directly implicate the legality of his conviction and sentence. They are therefore barred by *Heck* until such time as he can show that at least one of the *Heck* prerequisites has been met. Accordingly, Lister's actions against Officers Purdue, Ricketts, Pinto, and Houston, and Deputy Sanchez, are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (stating that, when *Heck* applies, "[a] preferred order of dismissal would read: Plaintiff['s] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.").

III

The second matter relates to Lister's claims against state prosecutors Jones Rocky ("Rocky") and S. McCarthy ("McCarthy"). The magistrate judge concluded that these claims are barred based on the absolute immunity that prosecutors enjoy for actions taken within the scope of their jurisdiction. Lister objects to the magistrate judge's recommendation, contending that his claims against Rocky and McCarthy are based on actions that they took outside the scope of their jurisdiction, and therefore are not barred by absolute immunity.

Prosecutors enjoy absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). "[A]bsolute immunity is justified and defined by the governmental functions it protects and serves, not by the motives with which a particular officer performs those functions." *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991). Lister alleges that Rocky and McCarthy participated in the

- 3 -

unlawful filing and malicious prosecution of criminal charges against him by fraudulently obtaining signatures on indictments. "The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function." *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984). The prosecutor's role in conducting grand jury proceedings clearly falls within the scope of his duties in initiating and pursuing a criminal prosecution. Although such actions on the part of the prosecutors would certainly be reprehensible, the decision to maintain a criminal prosecution and the participation in grand jury proceedings are among the prosecutorial duties protected by absolute prosecutorial immunity. *See, e.g., Sanes v. Milgram*, 2008 WL 5111290, at *5 (D.N.J. Dec. 3, 2008) (concluding that prosecutorial immunity barred suit alleging that defendant prosecutors acted fraudulently to falsify grant jury indictment). Thus, following *de novo* review, the court agrees with the magistrate judge that Lister's claims against prosecutors Rocky and McCarthy are barred by absolute immunity and must be dismissed with prejudice.

IV

Lister requests leave to file an amended complaint curing the defects identified by the magistrate judge. Because Lister is proceeding *pro se*, he is entitled to replead because he has not yet been given "one more opportunity to plead his best case." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted [defendant's] motion to dismiss, it gave [plaintiff] one more opportunity to plead his best case, because he was proceeding *pro se*.").

Although the court grants Lister leave to replead, it denies such leave to the extent he

seeks to assert claims against Officers Purdue, Ricketts, Pinto, and Houston, Deputy Sanchez, prosecutors Rocky and McCarthy, and Bernard Massar ("Massar"), Gracie Lewis ("Judge Lewis"), Sumetra Rayson ("Rayson"), and La Monica Littles ("Littles") because the defects in his complaint are incurable. But because Lister has not stated that he cannot, or is unwilling to, cure the defects as to the other defendants, the court grants him 28 days from the date this order is filed to file an amended complaint.

* * *

The court adopts in part the magistrate judge's August 27, 2014 findings, conclusions, and recommendation. By Rule 54(b) judgment filed today, Lister's actions against Officers Purdue, Ricketts, Pinto, and Houston, and Deputy Sanchez are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. Lister's actions against Rocky, McCarthy, Massar, Judge Lewis, Rayson, and Littles are dismissed with prejudice.

**SO ORDERED**.

February 27, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE