IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XAVIER LISTER (No. 44947-177), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-715-D-BN |
| IAN PURDUE, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiff Xavier Lister's amended complaint [Dkt. No. 21] should be summarily dismissed.

**Background**

Plaintiff, an inmate in the custody of the Bureau of Prisons,[1] proceeding *pro se*, originally brought a civil rights action against sixteen defendants alleging that his arrest, detention, and conviction for the unlawful possession of a firearm were unconstitutional and the result of a conspiracy of wrongdoing by numerous individuals;

---

[1] Plaintiff was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced to 180 months' imprisonment. *See United States v. Lister*, No. 3:12-cr-215-K (N.D. Tex. May 15, 2013), *aff'd*, 576 F. App'x 391 (5th Cir. 2014).

-1-

that he received ineffective assistance of counsel; and that he was injured as a result of negligence and denied medical treatment while detained at the Dallas County Jail. He sought compensatory damages in the amount of $10,000,000 and punitive damages in the amount of $15,000,000. *See* Dkt. Nos. 1 & 9. The Court granted Plaintiff leave to proceed *in forma pauperis*. *See* Dkt. No. 6.

On August 27, 2014, the undersigned recommended that Plaintiff's original complaint, as amended by his responses to the Court's interrogatories, *see* Dkt. Nos. 1 & 9, be summarily dismissed pursuant to Section 1915(e)(2)(B). *See Lister v. Purdue*, No. 3:14-cv-715-D-BN, 2014 WL 7927823 (N.D. Tex. Aug. 27, 2014). The Court concluded that the undersigned's initial findings and conclusions were correct in part, and they were adopted in part. *See Lister v. Purdue*, No. 3:14-cv-715-D-BN, 2015 WL 864834 (N.D. Tex. Feb. 27, 2015).

While Plaintiff's claims against Defendants Jones Rocky, S. McCarthy, Bernard Massar, Gracie Lewis, Sumetra Rayson, and La Monica Littles were dismissed with prejudice, and Plaintiff's claims against Defendants Mesquite Police Department Officers Ian Purdue, Brandon Ricketts, Evy Jenette Pinto, and R. Houston, and Dallas County Sheriff's Department Deputy D. Sanchez were dismissed with prejudice to their being asserted again until the *Heck v. Humphrey*, 512 U.S. 477 (1997) conditions are met, the Court granted Plaintiff limited leave to file an amended complaint. *See id.* The Court also entered final judgement in favor of the above-named defendants, pursuant to Federal Rule of Civil Procedure 54(b). *See* Dkt. No. 17.

Plaintiff's amended complaint [Dkt. No. 21] is now before the Court for screening. And the undersigned concludes that Plaintiff's amended complaint should be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## Legal Standards

The Court may summarily dismiss a complaint filed by a plaintiff proceeding *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial and regardless whether he is proceeding *in forma pauperis* – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that is "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is

grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic

recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include responses to the Court's interrogatories, which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

"[B]efore a court dismisses a complaint ... for failure to state a claim, a *pro se* plaintiff should be given an opportunity to amend," *Muthukumar v. Univ. of Tex. at Dallas*, No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Barowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)), unless such an opportunity would be futile. *Cf. Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam) (a district court's improper dismissal of "a *pro se* complaint without affording the plaintiff the opportunity to amend ... may be ameliorated if the plaintiff has pleaded his 'best case'"; noting that, there, the plaintiff "had ample opportunity to set forth the basis for his claims, including, inter alia, in his responses to the district court's questionnaire and his objections to the magistrate judge's ... reports. Thus, ... there is no indication that [he] had not set forth his best case").

## Analysis

<u>Claims against Defendants Rocky, McCarthy, Massar, Sanchez, Littles, and Rayson</u>

The Court expressly denied Plaintiff leave to amend "to the extent he seeks to assert claims against ... Deputy Sanchez, prosecutors Rocky and McCarthy, Massar, ... Rayson, ... and ... Littles ... because the defects in his complaint are incurable," *Lister*, 2015 WL 864834, at *2, and entered final judgment in favor of those defendants, *see* Dkt. No. 17. Therefore, to the extent Plaintiff has again alleged claims against these defendants, those claims should be dismissed.

<u>Claim against Defendant Watkins</u>

The amended complaint identifies Craig Watkins, the former Dallas County District Attorney, as a defendant. *See* Dkt. No. 21 at 1. But Plaintiff fails to allege any factual allegations specific to Mr. Watkins. To the extent Mr. Watkins is named as a defendant in his former capacity as Dallas County District Attorney – Plaintiff chose to re-allege claims against dismissed prosecutors Rocky and McCarthy – such a claim should be summarily dismissed. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman,* 424 U.S. 409, 427 (1976).

<u>Claims Against Defendant Allen</u>

Plaintiff was granted leave to file an amended complaint as to Officer Allen, a defendant who, Plaintiff previously alleged, tried to force him to sign a blank incident report that would have resulted in disciplinary charges and acted in a threatening and abusive manner. *See* Dkt. No. 1 at 10; Dkt. No. 9 at 28, 30, & 42.

Although Plaintiff provides no factual allegations concerning Officer Allen in the

amended complaint, liberally construing the amended complaint to incorporate his previous factual assertions regarding this defendant, verbal threats, name calling, and threatening gestures by prison guards do not amount to a constitutional violation. *See Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002); *Robertson v. Plano City of Texas,* 70 F.3d 21, 24 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006) (internal quotation marks and citation omitted). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted).

Here, Plaintiff simply alleges that threats were made by Officer Allen. He does not identify any use of excessive force or acts of retaliation or assert that he engaged in the exercise of any constitutional right. *See* Dkt. No. 9 at 28, 30, & 42.

<u>Claims Against Dallas County, Commissioner Elba Garcia, the John Doe County Commissioners, County Administrator Darryl Martin, and Sheriff Lupe Valdez</u>

Plaintiff seeks to hold liable Dallas County and Dallas County officials for injuries he suffered when a concrete privacy wall collapsed at the Dallas County Jail. *See, e.g.,* Dkt. No. 21 ("Dallas County Sheriff's Department, by and through their agents, representatives and/or employees, committed acts or omissions of negligence including negligent construction, negligent maintenance, failure to warn of the hazards

posed by defective privacy wall, and failure to provide prescribed medical treatment, which resulted in the physical injuries of plaintiff."); *see also* Dkt. No. 1 at 10; Dkt. No. 9 at 39-41.

As supervisory officials, Garcia, the John Doe County Commissioners, Martin, and Valdez cannot be sued for civil rights violations unless they (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak, Tex.,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by these officials and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 1 at 10; Dkt. No. 9 at 39-41. Instead, Plaintiff seeks to hold these officials liable for the alleged negligence of others in the construction and maintenance of county property. *See id.* But Plaintiff does not allege that Garcia, the John Doe County Commissioners, Martin, or Valdez had a personal role in the constitutional violations that are alleged. *See id.* They cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

Similarly, Plaintiff has not identified any official policy or custom of Dallas County that led to his injuries. "Without facts to support an official policy or custom that led to the alleged constitutional deprivation, there is no basis for municipal

liability under section 1983." *Herron v. Dallas Cnty., Tex.*, No. 3:14-cv-2190-N, 2014 WL 5315077, at *3 (N.D. Tex. Oct. 17, 2014) (citing *Amir-Sharif v. Valdez*, No. 3:06-cv-2258-P, 2007 WL 1791266, at *2 (N.D. Tex. June 6, 2007) ("Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances. Even if proved, such a claim is not actionable under 42 U.S.C. § 1983."); *cf. Lawson v. Dallas Cnty., Tex.*, No. 3:95-cv-2614-R, 1998 WL 246642, at *5 (N.D. Tex. Mar. 24, 1998) ("To specifically establish municipal liability against Dallas County, Plaintiff must produce evidence showing not only that the County's actions deprived him of federally protected rights, but also that an official policy or custom of the County, not mere negligence, caused the deprivation or violation of rights." (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Flores v. Cameron County*, 92 F.3d 258, 263 (5th Cir. 1996); *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992))).

Moreover, a plaintiff may not recover under 42 U.S.C. § 1983 for mere negligence. *See Hamilton v. Lyons,* 74 F.3d 99, 103 (5th Cir. 1996) (holding that there is no liability for mere negligence in a § 1983 suit).

Accordingly, Plaintiff's claims against Dallas County, Garcia, the John Doe County Commissioners, Martin, and Valdez should be summarily dismissed.

Claims Alleging Deliberate Indifference

Through his amended complaint, Plaintiff again presents allegations that he was "denied medical attention for [his] injuries" resulting from the collapse of the privacy

wall at the jail. Dkt. No. 21 at 4 ("Parkland Hospital stated for plaintiff to return when the swelling goes down to determine the severity of the internal derrangment [sic] to plaintiff's left knee. Plaintiff submitted sick calls to which none were answered and was denied medical on numerous occassions [sic], despite several attempts made by plaintiff, [his] family, and on a couple of occassions [sic], the jailers who worked on the floor plaintiff was housed in."). Relatedly, Plaintiff states that Dallas County "fail[ed] to provide prescribed medical treatment" and that "[d]enial of medical care by Kiran Khurana violated plaintiff's 8th and 14th Amendments." *Id.* at 5-6.

Through his original complaint and interrogatory responses, Plaintiff contended that Officer Allen denied him medical attention for hypertension, *see* Dkt. No. 9 at 21-23 & 42, and that Dr. Kiran Khurana denied him an MRI for his left leg injuries, telling him that "did not need an MRI because it was just a sprain," *id.* at 21 & 43.

Plaintiff's medical claims are governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. To establish a constitutional violation, Plaintiff must establish "deliberate indifference" to his "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). This, in turn, requires proof that the prison staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a

disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Rather, a plaintiff must show that the prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Here, Plaintiff has admitted that he was provided medical attention for both his hypertension and the injuries that he sustained when he was injured by a privacy wall at the Dallas County Jail. *See* Dkt. No. 9 at 17-23. And he has not disavowed this admission in his amended complaint. At most, Plaintiff has allegeed that Officer Allen caused a delay in checking his vital signs – which led to no physical harm – and that Dr. Khurana did not believe that he required an MRI for his leg injury. *See id.* Neither of these allegations state a claim for deliberate indifference. And the amended complaint, presumably submitted to cure the deficiencies previously noted, merely adds conclusory allegations that do not evidence that any defendant acted with wanton disregard to Plaintiff's serious medical needs.

## Recommendation

Plaintiff's claims should be summarily dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 27, 2015

$\underline{\hspace{3in}}$
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE